**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| **TEX PAT, LLC,**<br>***Relator*,**<br>**v.**<br>**(1) MEDLINE HOLDINGS, INC.,**<br>**(2) MEDLINE INDUSTRIES, INC., and**<br>**(3) MEDLINE MANUFACTURING AND SERVICES LLC,**<br>***Defendants*.** | **Civil Action No.**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR FALSE PATENT MARKING

Relator Tex Pat, LLC ("Relator") makes the following allegations against Medline Holdings, Inc., Medline Industries, Inc., and Medline Manufacturing and Services LLC (collectively, "Medline" or "Defendant"):

## NATURE OF THE ACTION

1. This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

## PARTIES

2. Relator is a Texas limited liability company having a principal place of business at 2300 Richmond Avenue, Suite 345, Houston, TX 77098-3265. Relator has appointed Philip D. Racusin, 2300 Richmond Avenue, Suite 345, Houston, TX 77098-3265, as its agent for service of process.

3. On information and belief, Medline Holdings, Inc. is an Illinois corporation with its principal place of business at 1 Medline Place, Mundelein, IL 60060. Medline Holdings, Inc. has appointed Richard M. Horwood, 180 N. LaSalle St., Ste 3700, Chicago, IL 60601, as its agent for service of process.

4. On information and belief, Medline Industries, Inc. is an Illinois corporation with its principal place of business at 1 Medline Place, Mundelein, IL 60060. Medline

Industries, Inc. has appointed Richard M. Horwood, 180 N. LaSalle St., Ste 3700, Chicago, IL 60601, as its agent for service of process.

5. On information and belief, Medline Manufacturing and Services LLC is an Illinois corporation with its principal place of business at 1 Medline Place, Mundelein, IL 60060. Medline Manufacturing and Services LLC has appointed Richard M. Horwood, 180 N. LaSalle St., Ste 3700, Chicago, IL 60601, as its agent for service of process.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this Forum, including: (i) at least a portion of the false marking, affixing, or advertising alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and/or services provided to individuals in Texas and in this District.

8. Venue is proper in this district under 28 U.S.C. §§1391(b), 1391(c), and 1395(a). Defendant has and continues (and/or has and continues to cause others) to transact business in this District, and has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising, in this District, the product(s) subject to this Complaint, which Defendant has and continues (and/or has and continues to cause others) to make, use, offer for sale, or sell in, and/or import into, this District.

## FACTS

9. Medline has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent Nos. 4,352,359 ("the '359 Patent"), 4,524,087 ("the '087 Patent"), and 4,539,996 ("the '996 Patent") (collectively, "the Medline Patents"), true and correct copies of which are attached as Exhibits A-C, respectively, in connection with Medline's products and/or related product packaging and advertisements, including, by way of example only, the Electrosurgical Grounding Pads products, as illustrated in Exhibit D.

10. The '359 Patent (Exhibit A), which is titled "Biomedical Electrode," was filed in the United States on June 2, 1980 and issued on October 5, 1982. The application for the '359 Patent is a continuation of S/N 940,734, filed September 8, 1978, which is a continuation-in-part of S/N 825,870, filed August 19, 1977.

11. The '359 Patent expired, at the very latest, on October 5, 1999.

12. The '087 Patent (Exhibit B), which is titled "Conductive Adhesive and Biomedical Electrode," was filed in the United States on July 18, 1983 and issued on June 18, 1985. The application for the '087 Patent is a division of S/N 114,565, filed January 23, 1980.

13. The '087 Patent expired, at the very latest, on June 18, 2002.

14. The '996 Patent (Exhibit C), which is titled "Conductive Adhesive and Biomedical Electrode," was filed in the United States on July 18, 1983 and issued on September 10, 1985. The application for the '996 Patent is a continuation of S/N 114,565, filed January 23, 1980.

15. The '996 Patent expired, at the very latest, on September 10, 2002.

16. When the Medline Patents expired, all rights in those patents ceased to exist.

17. Subsequent to expiration of the Medline Patents, Medline has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising the Medline Patents in combination with its Electrosurgical Grounding Pads. *See, e.g.*, Exhibit D (bearing a copyright date of 2008, more specifically an electronic creation date of April 2, 2008, and marking, affixing, and/or advertising the Medline Patents).

18. Medline has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent No. 4,788,146 ("the '146 Patent"), a true and correct copy of which is attached as Exhibits E, in connection with Medline's products and/or related product packaging and advertisements, including, by way of example only, the XCell® Cellulose Dressings products, as illustrated in Exhibit F (containing two separate advertisements).

19. The '146 Patent (Exhibit E), which is titled "Liquid Loaded Pad for Medical Applications," was filed in the United States on January 9, 1986 and issued on November 29, 1988. The application for the '146 Patent is a division of S/N 450,324, filed December 16, 1982.

20. The '146 Patent expired, at the very latest, on November 29, 2005.

21. When the '146 Patent expired, all future rights in the patent ceased to exist.

22. Subsequent to expiration of the '146 Patent, Medline has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising the '146 Patents in combination with the XCell® Cellulose Dressings products. *See, e.g.*,

Exhibit F (containing two separate advertisements, the first with a 2006 copyright date, both of which were available on Medline's website at the time this complaint was filed[1]).

23. Medline has decades of experience applying for, obtaining, licensing, and/or litigating patents. *See e.g.*, Exhibit G (listing 88 U.S. patents and patent applications under Medline's assign).

24. Defendant is a large, sophisticated company. *See, e.g.*, Exhibit H (touting on Medline's website that Medline "has grown into America's largest privately-held national manufacturer and distributor of health care supplies and services. . . . [with] more than 6,800 employees in North America"); *see also id.* ("Over the past five years, Medline has been the fastest growing distributor of medical and surgical supplies in the U.S., serving as the primary distributor to over 250 major hospitals and healthcare systems.").

25. Medline has, or routinely retains, sophisticated legal counsel. *See, e.g.*, Exhibit I (noting that Medline has an Office of General Counsel).

26. Medline knows, and at the very least reasonably should know, that expired patents do not cover the Electrosurgical Grounding Pads or the XCell® Cellulose Dressings, or any products whatsoever.

27. As a result of its false marking, affixing, and/or advertising, Medline has injured the United States Government, including its sovereign interest, and Medline's existent and potential competitors, as well as the general public, including Relator—a member of the general public incurring the time and expense of enforcement. *See, e.g.* Exhibit J (sampling various statements made by Medline on its website—boasting Medline's

---

[1] *See* Medline's website at (1) www.medline.com/wound-skin-care/xcell/lit/Brochure%20-%20XCell%20for%20Pain%20Control.pdf and (2) www.medline.com/product-literature/WoundCare/XCell%20Brochure.pdf (both last visited July 18, 2010).

supposed exclusivity over allegedly patent-protected rights—such as “[Medline’s] patent-pending technologies mak[ing its products] a better choice for patients” and claims to “exclusive technology”).

**CLAIM**

28. Relator incorporates paragraphs 1–27 as if fully set forth herein. Medline has violated 35 U.S.C. § 292 by falsely marking, affixing, and/or advertising its products, including the Electrosurgical Grounding Pads and XCell® Biosynthesized Cellulose Dressings products, with intent to deceive the public.

**PRAYER FOR RELIEF**

WHEREFORE, Relator respectfully requests that this Court enter:

(a). A judgment in favor of Relator that Defendant has falsely marked items in violation of 35 U.S.C. § 292;

(b). A monetary award pursuant to 35 U.S.C. § 292 in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

(c). An accounting for any falsely marked articles not presented at trial and a monetary award set by the Court for such falsely marked articles;

(d). An award of pre-judgment and post-judgment interests on any monetary award;

(e). An injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. §292; and

(f). Any and all other relief, at law or equity, to which Relator may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Relator, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: July 18, 2010

Respectfully submitted,

By: /s/ Hao Ni

Hao Ni – LEAD COUNSEL
State Bar No. 24047205
Ni Law Firm PLLC
3102 Maple Avenue, Suite 400
Dallas, TX 75201
(214) 800-2208
hni@nilawfirm.com

Tyler K. Brochstein
State Bar No. 24059490
Brochstein Law Firm, PLLC
2820 McKinnon Street, Suite 4063
Dallas, TX 75201
(214) 444-3310
tyler@brochlaw.com

Jack L. Siegel
State Bar No. 24070621
Jack L. Siegel PLLC
3530 Travis Street, Suite 421
Dallas, TX 75204
(214) 699-1498
jack@jlsiegellaw.com

**Attorneys for Relator**
**TEX PAT, LLC**